**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF NEW YORK, *ex rel.* WILLIAM GURIN,<br><br>  Plaintiffs,<br><br>    v.<br><br>NEW YORK CITY HEALTH AND HOSPITALS CORPORATION D/B/A NYC HEALTH & HOSPITALS and the NEW YORK COLLEGE OF PODIATRIC MEDICINE,<br><br>  Defendants. | **STIPULATION AND ORDER OF SETTLEMENT AND RELEASE BETWEEN THE UNITED STATES AND RELATOR**<br><br>19 Civ. 10742 (PKC) |

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator Stipulation") is entered into between the United States of America (the "United States"), by its attorney, Audrey Strauss, United States Attorney for the Southern District of New York, and relator William Gurin ("Relator" and, together with the United States, the "Parties"), through his counsel;

WHEREAS, on or about November 15, 2019, Relator filed a complaint in the above-captioned action in the United States District Court for the Southern District of New York (the "Court") under the *qui tam* provisions of the False Claims Act, as amended, 31 U.S.C. § 3729 *et seq.* (the "FCA"), alleging, *inter alia*, that that the defendants New York City Health and Hospitals Corporation ("NYCHH") and the New York College of Podiatric Medicine ("NYCPM") (collectively, "Defendants") submitted false claims for payment to federal healthcare programs for podiatric services that had been rendered by students at the NYCPM, though they were billed as if rendered by licensed podiatrists (the "Relator Action");

WHEREAS, on or about September 9, 2020, the United States filed a Notice of Decision to Decline to Intervene (the "Declination Notice"), advising the Court that it had declined to intervene in the Relator Action;

WHEREAS, on or about June 29, 2021, the Defendants and Relator entered into a Settlement Agreement (the "Settlement Agreement");

WHEREAS, pursuant to Paragraphs 1.a. and 1.b. of the Settlement Agreement, respectively, NYCHH agreed to pay the United States $91,667 and NYCPM agreed to pay the United States $22,433 (together, the "Settlement Amount") to resolve the Relator Action;

WHEREAS, the Relator has asserted that, pursuant to 31 U.S.C. § 3730(d)(l), he is entitled to receive a portion of the Settlement Amount (the "Relator Share Claim"); and

WHEREAS, the Parties mutually desire to reach a full and final compromise of the Relator Share Claim pursuant to the terms set forth below.

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1.  Contingent upon receipt by the United States of full payment due to the United States under Paragraphs 1.a. and 1.b. of the Settlement Agreement, the United States will pay Relator, c/o Adam Lewis Pollock, Pollock Cohen LLP, as attorneys for Relator ("Relator's Counsel"), twenty-nine percent (29%) of the payment of the Settlement Amount received from Defendants ($33,089) in accordance with written instructions provided by Relator's Counsel within a reasonable time after the United States' receipt of the payment of the Settlement Amount. The obligation to make the payment to the Relator under this Paragraph is expressly conditioned on, and only arises with,

the receipt by the United States of the payment of the Settlement Amount from Defendants required by the Settlement Agreement. In the event that Defendants fail to make the payment required by the Settlement Agreement, the United States shall have no obligation to make any payment to the Relator.

2. Relator, for himself and his heirs, successors, attorneys, agents, and assigns, agrees that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreement, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law, and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law.

3. In agreeing to accept payment of the Relator's share set forth in Paragraph 1 above, and upon payment thereof, Relator, for himself and his heirs, successors, attorneys, agents, and assigns, releases and is deemed to have released and forever discharged the United States and its agencies, officers, employees, servants, and agents from any claim for a share of any proceeds of the Settlement Agreement pursuant to 31 U.S.C. § 3730 or other applicable law, and from any and all claims against the United States and its agencies, officers, employees, servants, and agents arising from or relating to the Settlement Agreement or any claim in the Relator's Action.

4. This Relator Stipulation does not resolve or in any manner affect any claims the United States has or may have against Relator arising under Title 26, U.S. Code (Internal Revenue Code), or any claims that the Parties may have arising under this Relator Stipulation.

5. The United States and Relator agree that if the Settlement Agreement is held by a court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B), this Relator Stipulation is null and void.

6. This Relator Stipulation shall inure to the benefit of and be binding only on the

Parties, their successors, assigns, and heirs.

7. This Relator Stipulation shall become final, binding, and effective only upon entry by the Court.

8. This Relator Stipulation constitutes the entire agreement of the Parties with respect to the subject matter of this Relator Stipulation and may not be changed, altered, or modified, except by a written agreement signed by the Parties specifically referring to this Relator Stipulation.

9. This Relator Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Relator Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Relator Stipulation, this Relator Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

10. This Relator Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated: July 29, 2021
      New York, New York

AUDREY STRAUSS
United States Attorney
Southern District of New York

By: _____
JESSICA JEAN HU
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007
Tel: (212) 637-2726
jessica.hu@usdoj.gov

Dated: ~~June__,~~ July 29, 2021  
New York, New York

POLLOCK COHEN LLP

By: _____  
Adam L. Pollock  
60 Broad St., 24th Floor  
New York, NY 10004  
Adam@PollockCohen.com  
Tel: (212) 337-5361  
*Attorney for the Relator*

Dated: ~~June__,~~ July 29, 2021  
New York, New York

By: _____  
William Gurin  
*Relator*

Dated: __July 30__, 2021  
New York, NY

SO ORDERED:

_____  
P. Kevin Castel  
United States District Judge